IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:23-cv-00462-M

MICHAEL JOHNSON, individually and on
behalf of others similarly situated,

       Plaintiff,

v.                                                                                   ORDER

PHP OF NC, INC., and
JUSTINE WIGGINS,

       Defendants.

This matter comes before the court on the Plaintiff's Motion to Conditionally Certify Collective Action and Approve Notice [DE 27]. Defendants oppose the motion, asserting that Plaintiff fails to demonstrate he and the putative collective members are "similarly situated" as necessary for certification under the Fair Labor Standards Act ("FLSA"). The motion was referred to the Honorable Robert B. Jones, Jr., U.S. Magistrate Judge, for a recommendation and/or disposition (i.e., "M&R"). Judge Jones recommended that this court grant conditional certification, modify the proposed notice in some respects, and direct the parties to confer regarding other aspects of the notice. *See* M&R, DE 35. For the following reasons, Defendant's objections to the M&R are overruled in part and sustained in part, and Plaintiff's motion is granted in part and denied in part.

## I.    Background

Plaintiff initiated this action on behalf of himself and others similarly situated on June 14, 2023, in the Middle District of North Carolina. DE 1. After the case was transferred to this district,

Plaintiff filed a First Amended Complaint on September 28, 2023, alleging that Defendants failed to pay overtime for hours worked over forty per week to all persons, including himself, who are or have been employed by Defendants as habilitation technicians who performed work as "independent contractors" at any time three years prior to the filing of the Complaint. Am. Compl. ¶ 40, DE 26.[1] According to the operative pleading, these putative collective members "provided support to Defendants' clients who have intellectual and developmental disabilities" and "regularly worked more than forty (40) hours in a workweek." *Id.* ¶¶ 4, 14. Plaintiff alleges that he and putative collective action members are owed overtime pay for fulfilling these duties during weeks they worked more than forty hours.

Defendants filed an answer essentially denying Plaintiff's allegations on October 11, 2023. DE 30. On October 16, 2023, Judge Jones issued an order staying the deadline for filing a proposed discovery plan pending resolution of the present motion. DE 32. The motion was filed September 29, 2023, the parties' filed timely opposing and supporting briefs, and the matter was submitted to Judge Jones on December 4, 2023. Judge Jones issued the M&R on April 12, 2023, and the parties have filed timely objections and responses. The court is now fully apprised.

## II. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure governs pretrial orders by magistrate judges. Here, Judge Jones issued a recommendation pursuant to Rule 72(b) in accordance with the referral issued on December 4, 2023. However, several courts have found that granting a motion for conditional certification is a non-dispositive matter governed by Rule 72(a). *See Meyer v. Panera Bread Co.*, 344 F. Supp. 3d 193, 197 (D.D.C. 2018) (collecting cases); *see also Kimble*

---

[1] Plaintiff concedes that he seeks certification only of the overtime claims and not of the minimum wage claims set forth in the operative pleading. Reply at 8 n.7, DE 34.

Case 5:23-cv-00462-M-RJ   Document 38   Filed 05/21/24   Page 2 of 16

*v. Opteon Appraisal, Inc.*, -- F. Supp. 3d --, 2024 WL 208000, at *4 (W.D.N.Y. Jan. 19, 2024); *Lescinsky v. Clark Cnty. Sch. Dist.*, 539 F. Supp. 3d 1121, 1126 (D. Nev. 2021). Under Rule 72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). To the extent this standard applies, the court finds that Judge Jones' decision is neither clearly erroneous nor contrary to law.

Given that the Fourth Circuit Court of Appeals has not ruled on this question, however, the court also will analyze Judge Jones' M&R under Rule 72(b), which governs dispositive motions and directs district courts to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Defendants have lodged three objections involving the applicable standard of review for a motion for conditional certification, the sufficiency of Plaintiff's factual showing in support of similarly situated individuals, and the Plaintiff's proposed methods and means for issuing notice.

## III. Legal Standards

Employees may sue their employers for violating minimum wage and overtime compensation requirements under the FLSA. *See* 29 U.S.C. § 216(b). An employee can sue individually or in a collective action on behalf of himself and all "similarly situated employees." *See id.* Certification of an FLSA collective action requires the following: (1) members of the proposed collective action must be "similarly situated" and (2) members must "opt in" by filing a written consent to suit. *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 469 (E.D.N.C. 2010). Courts supervising FLSA collective actions generally control certification through a two-step process. *Staley v. UMAR Servs., Inc.*, 630 F. Supp. 3d 707, 711 (M.D.N.C. 2022). "In the first step,"—typically referred to as "conditional certification" or the "notice stage"—'the court

3

determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class.'" *Id.* at 711-12 (quoting *Adams v. Citicorp Credit Servs., Inc.*, 93 F. Supp. 3d 441, 453 (M.D.N.C. 2015)). The second step—referred to as the "decertification stage"—comes after discovery is largely complete, at which time the court usually addresses a defendant's motion for decertification; at that point, "the court makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." *Id.* at 712 (quoting *Adams*, 93 F. Supp. 3d at 453).

The present motion seeks relief at the first step, and "[c]ourts use a 'fairly lenient' standard at this stage." *Id.* (citations omitted). A plaintiff seeking conditional certification for the purpose of sending notices to putative members cannot rely on mere allegations in the complaint, but "need only make a relatively modest factual showing"—by affidavit, declaration, or "other means"— "that a group of similarly situated potential plaintiffs exists." *Id.* (citing *Marroquin v. Canales*, 236 F.R.D. 257, 259 (D. Md. 2006) (internal quotation marks omitted). For this evaluation, the court is not permitted to "resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." *Id.* (quoting *Adams*, 93 F. Supp. 3d at 454).

## IV. Discussion

Defendants object to the M&R, arguing first that this court should follow two out-of-circuit court opinions rejecting the two-step approach for FLSA collective action certification; second, notwithstanding which approach is used, Plaintiff cannot demonstrate that he and putative collective action members are similarly situated; and third, Plaintiff's proposed methods and means for issuing notice are improper.

4

A.     Approach to Conditional Certification

Citing two recent opinions from the United States Courts of Appeals for the Fifth and Sixth Circuits, Defendants ask this court to reject the traditional two-step process for determining certification of an FLSA collective action as "inefficient and prejudicial." DE 36 at 3 (citing *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F. 4th 1003, 1009-11 (6th Cir. 2023) and *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430, 440 (5th Cir. 2021)). In *Swales*, the Fifth Circuit rejected the two-stage process and held that district courts "should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." *Swales*, 985 F.3d at 441, 443. In *Clark*, the Sixth Circuit similarly rejected the two-stage process and held that "the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Clark*, 68 F.4th at 1011. At least one district court in this circuit has followed *Swales* and rejected the two-step collective certification process. *See Mathews v. USA Today Sports Media Group, LLC*, No. 1:22-cv-1407, 2023 WL 3676795, at * 2 (E.D. Va. Apr. 14, 2023).

These decisions do not bind this court. Defendants are correct that the court has "broad" discretion in this matter, particularly as neither the Supreme Court nor the Fourth Circuit have addressed the process required for certification of a collective action under the FLSA. However, the majority of district courts in this circuit have followed the two-step approach. *See, e.g., McLaurin*, 271 F.R.D. at 469; *Staley*, 630 F. Supp. 3d at 711; *Adams*, 93 F. Supp. 3d at 453; *Amoko v. N&C Claims Serv., Inc.*, 577 F. Supp. 3d 408, 414 (D.S.C. 2021); *Kneppar v. Elevance Health Companies, Inc.*, No. CV MJM-23-863, 2024 WL 1156406, at *3 (D. Md. Mar. 18, 2024); *Midkiff v. Anthem Cos., Inc.*, 640 F. Supp. 3d 486, 493 (E.D. Va. 2022) ("this Court does not find *Swales*

persuasive enough to depart from Fourth Circuit district courts' longstanding practice of using the two-step process for granting conditional certification and court-authorized notice.") (collecting cases). In fact, another court in the Eastern District of Virginia considered but declined to follow *Mathews*, characterizing the decision as an "extreme outlier." *Hernandez v. KBR Servs., LLC*, No. 3:22-CV-530-HEH, 2023 WL 5181595, at *6 (E.D. Va. Aug. 11, 2023).

Given the importance of the court's role in overseeing the notice process for FLSA collective actions, in which putative members enter the case by simply noticing their intentions to "opt in," the court, in its discretion, finds that the two-step approach aligns with the interests of justice and judicial efficiency.[2] First, this court agrees that "in the typical putative collective action brought under the FLSA, the preliminary discovery that would be necessary to satisfy the rigorous standard adopted in *Swales* would risk unduly delaying notice to potential plaintiffs." *Kneppar*, 2024 WL 1156406, at *3. Second, as other courts have recognized, it would prove difficult to make conclusive determinations about whether putative plaintiffs are, in fact, similarly situated without the presence of such persons in the action. *Id.* (citing *Clark*, 68 F. 4th at 1010).

Third, as cogently explained in *Branson v. Alliance Coal, LLC*, the facts and circumstances of this case are unlike those in *Swales*, in which the Fifth Circuit found that "courts should make a merits decision before alerting prospective opt-in plaintiffs because 'alerting those who cannot ultimately participate in the collective merely stirs up litigation.'" No. 4:19-CV-00155-JHM, 2021

---

[2] Notably, the Fourth Circuit has described the FLSA's opt-in requirement as "seek[ing] to balance employees' interest in pooling resources to bring collective actions and employers' interest in reducing baseless lawsuits." *Degidio v. Crazy Horse Saloon & Rest. Inc.*, 880 F.3d 135, 143–44 (4th Cir. 2018). The court stated that, "to strike this balance, district courts must be able to supervise contacts between the parties and their respective counsel to ensure that potential plaintiffs are not misled about the consequences of joining a class in an ongoing employment dispute. The district court's supervisory role helps to ensure that 'employees receiv[e] accurate and timely notice . . . so that they can make informed decisions about whether to participate.'" *Id.* at 144 (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

WL 1550571, at *4 (W.D. Ky. Apr. 20, 2021) (quoting *Swales*, 985 F.3d at 441). The *Swales* court "considered court-authorized notice the sole method of 'alerting' prospective plaintiffs" and assumed that "[w]ithout notice, opt-in plaintiffs would remain out of the litigation." *Id.* However, in this case, at least three putative collective members have already opted in without any judicial oversight. *See* DE 4, 5, 12. The court has no knowledge whether they are, in fact, similarly situated to the named Plaintiff and, without court-authorized notice, the court will have no knowledge regarding any additional putative members who simply opt in. *See Branson*, 2021 WL 1550571, at *4 ("instead of expanding based on approved language and communication methods, [the collective] will expand without any judicial oversight. This is the very issue *Hoffman-La Roche* warned against.") (citing *Hoffman-La Roche*, 493 U.S. at 170–71 ("[T]he court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.")).

Defendants assert that this case is different from those in which the two-step process has been applied, in that Defendants question whether the FLSA applies "at all" to this case (i.e., whether the Plaintiff and collective members are "employees" under the statute) and, thus, a *Swales* approach is more appropriate here. The court is not convinced; Defendants fail to demonstrate how an evaluation of whether "HAB Techs" are employees or independent contractors ("ICs") under the FLSA affects, in any way, an analysis of whether putative collective members are similarly situated to the Plaintiff—that is, whether they are "HAB Techs" who worked more than forty hours in a workweek for Defendants and were not paid overtime—at this stage of the action. Defendants argue that the employee/IC issue is "an assessment that requires individualized inquiries into [a] six-factor test adopted by the Fourth Circuit [in *Schultz v. Capital Intern. Sec., Inc.*, 466 F.3d 298, 304 -305 (4th Cir. 2006)]," and "courts have noted that such cases involve a

'thicket of competing factual assertions.'" DE 36 at 10. For this proposition, Defendants cite *Bamgbose v. Delta-T Group, Inc.*, 684 F. Supp. 2d 660 (E.D. Pa. 2010), which addressed a motion for conditional certification of a collective of 11,000 "healthcare workers" for a company that had offices in several states, and determined it "must analyze whether the healthcare workers are similarly situated with respect to the analysis it would engage in to determine whether the workers are employees or independent contractors." *Id.* at 668. *Bamgbose* is not persuasive. First, the opinion is not binding and the court finds it is distinguishable from this case on its facts. Second, the *Bamgbose* court rejected consideration solely of a uniform classification of the "healthcare workers" as independent contractors but acknowledged that application of a uniform classification "may render a class similarly situated for cases involving . . . *workers all holding the same job title.*" *Id.* at 669 n.12 (emphasis added). Third, the court cited an opinion from a court in this circuit, *Westfall v. Kendle Int'l CPU, L.L.C.*, No. 1:05–cv–00118, 2007 WL 486606 (N.D. W.Va. Feb. 15, 2007), for the proposition that it "must" evaluate the similarly situated status of workers for FLSA conditional certification based on factors meant to examine whether workers are employees under the statute. *Id.* at 669.

In *Westfall*, the court followed the traditional two-part approach for certification under the FLSA in addressing a motion for conditional certification of persons "who were classified as 'independent contractors' instead of 'employees' and thus did not receive overtime pay for working more than forty hours per week." *Id.* at *8–*9. The court found the plaintiff made a threshold showing that she and the putative collective members were similarly situated. *Id.* at *9. The court also addressed the defendants' opposing argument that "even if a class were certified, the court would need to examine each worker-employer relationship to determine whether the plaintiff was an employee or an independent contractor." *Id.* In so doing, the court first noted the

8

six factors courts in the Fourth Circuit apply to determine employee status under the FLSA, and emphasized that the Fourth Circuit "distilled the test into one 'ultimate question': 'whether the [workers are], as a matter of economic reality, dependent on the business they served, or, conversely, whether they [are] in business for themselves.'" *Id.* (quoting *Shultz v. Capital Intern. Sec., Inc.*, 466 F.3d 298, 305 (4th Cir. 2006)). The court acknowledged the potential for future individual assessments of each proposed member and recognized that other district courts had suggested that "collective actions involving the classification of workers as independent contractors are improper for certification." *Id.* Nevertheless, the court concluded: "Out of an abundance of caution, I recognize that at the first stage of analysis, the plaintiff has a low bar to meet and has thus met that standard. The defendants' arguments are more appropriate in the second stage of the similarly situated inquiry." *Id.*

*Westfall* does *not* stand for the proposition that district courts must determine the similarly situated question by evaluating factors meant for an examination of whether plaintiffs and putative collective action members are employees under the FLSA. Defendants' argument in this regard fails.[3] The court notes further that *Westfall*, like *Bamgbose*, involved workers who did not hold the same job title. In this case, they do. The court finds this distinction significant, given the (much) lower potential for factual differences among the putative members.

In sum, this court applies the two-tiered approach for certification under the FLSA unless and until the Supreme Court or the Fourth Circuit directs it to do otherwise. Defendants' objection is OVERRULED.

---

[3] The court also finds distinguishable the opinion in *Broome v. CRST Malone, Inc.*, No. 2:19-cv-01917-MHH, 2022 WL 205675 (N.D. Ala. Jan. 21, 2022), in which the court applied *Swales* noting that the parties had "already conducted some discovery" and determined that the two-step lenient standard should apply only when "plaintiffs have not had time to conduct discovery and marshal their best evidence." *Id.* at *3. In this case, the parties have not yet conducted discovery. DE 32.

B.      Sufficiently Similar

Defendants contend that the M&R improperly accepts the Plaintiff's "conclusory" allegations over the Defendant's "specific, detailed evidence" to find the putative collective members similarly situated.

Neither the statute nor binding case law define the terms "similarly situated" for purposes of determining collective action membership under the FLSA. However, other circuit courts have determined that "to be 'similarly situated' means that named plaintiffs and opt-in plaintiffs are alike with regard to some material aspect of their litigation." *Vazquez-Aguilar v. Gasca*, 477 F. Supp. 3d 418, 422 (E.D.N.C. 2020) (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 516 (2d Cir. 2020)); *see also id.* at 422-23 (citing *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1117 (9th Cir. 2018) ("plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims.") and *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584-85 (6th Cir. 2009) ("[P]laintiffs were similarly situated, because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.")).

In accordance with the purpose underlying the FLSA's collective action procedure, the initial inquiry into whether putative members are similarly situated "proceeds under a 'fairly lenient standard' and requires only 'minimal evidence.'" *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008) (quoting *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006)); *see also Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011) ("The standard for conditional certification is fairly lenient and requires nothing more than substantial allegations that the putative class members were together the victims of a single

10

decision, policy, or plan.") (citations omitted) (cleaned up). Notably, "[a]t this first stage of [FLSA collective action] certification . . . the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." *Adams v. Citicorp Credit Servs., Inc.*, 93 F. Supp. 3d 441, 454 (M.D.N.C. 2015) (quoting *Fisher v. Michigan Bell Tel. Co.*, 665 F. Supp. 2d 819, 826 (E.D. Mich. 2009)).

In the operative pleading, Plaintiff alleges that PHP is a support services company for individuals who are intellectually and developmentally disabled, and that he and the collective members were or are employed by Defendants as habilitation technicians, or "HAB Techs," who provided support to Defendants' clients. Plaintiff also alleges that Defendants required HAB Techs to perform off-the-clock, unpaid work, including training and attending staff meetings, and to bear expenses associated with the use of their personal vehicles to transport Medicaid consumers. Plaintiff asserts that all HAB Techs were required to comply with Defendants' policies and procedures; supervised by employees of Defendants and subject to discipline; and received all work assignments from Defendants and relied on Defendants for these assignments. Plaintiff contends that he and the other HAB Techs were paid by Defendants on an hourly basis and misclassified as independent contractors so that Defendants would not have to pay them overtime for regularly working more than forty hours in a workweek.

Based on these allegations, Plaintiff seeks approval of a notice to be sent to:

All habilitation technicians ("HAB Techs") who performed work for PHP of NC, Inc. as an independent contractor, and who submitted invoices to PHP of NC, Inc. reflecting more than forty (40) hours in a workweek at any time within three (3) years from the date of this notice.

Reply at 8, DE 34. Plaintiff notes that this collective definition is narrower than the collective alleged in the Amended Complaint, consistent with his agreement that he and the collective will pursue only the claims for overtime pay. *Id.* In support of his motion, Plaintiff submitted

11

declarations from himself and three other opt-in plaintiffs describing their job duties, training, types of compensation, and hours. These declarants attest to the following similar facts:

- These individuals were employed by Defendants as "HAB Techs."

- They were required to sign "Addendum Contracts" to secure employment with Defendants.

- At least two declarants were required to attend staff, or "house," meetings which lasted one-to-two hours and for which they were not paid.

- At least three declarants were required to attend and pay for training conducted by Defendants' employees.

- They were required to use and pay for their personal vehicles to transport Defendants' clients and run errands.

- They were supervised by Defendants' employees and subject to discipline.

- They were required to abide by Defendants' policies and procedures.

- Defendants communicated with them by emails, texts, and calls.

- They regularly worked more than 40 hours in a work week and were not paid overtime for these hours.

- Defendants classified them as independent contractors.

*See* Decls. at DE 27-2, 27-3, 27-4, 27-5. The court finds these averments demonstrate that Defendants employ others who are similarly situated to the Plaintiff with respect to their job requirements and their pay provisions and who are classified as independent contractors pursuant to a common policy or scheme. This conclusion is consistent with those of other courts in this circuit that have granted conditional certification in cases materially similar to this one, involving workers who have been classified as independent contractors. *See Amoko v. N&C Claims Serv., Inc.*, 577 F. Supp. 3d 408, 415 (D.S.C. 2021); *Baylor v. Homefix Custom Remodeling Corp.*, 443

12

F. Supp. 3d 598, 607 (D. Md. 2020); *O'Quinn v. TransCanada USA Servs., Inc.*, 469 F. Supp. 3d 591, 605 (S.D.W. Va. 2020); *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 834 (E.D. Va. 2008); *see also Rehberg v. Flowers Baking Co. of Jamestown, LLC*, 162 F. Supp. 3d 490, 496 (W.D.N.C. 2016) (court noted that it previously granted conditional certification of a collective alleging they were misclassified as independent contractors and denied a subsequent motion to decertify the collective).

Defendants object, arguing that Plaintiff's "evidence" is insufficient. Defendants point to the Plaintiff's omission of details in the proffered declarations concerning the declarants' supervisors, how their work was controlled, the locations where services were provided, and their day-to-day activities. The court is not persuaded; at this stage, the omitted details referenced by Defendants do not appear to rebut the similar issues of law and fact alleged in this case, which are material to the disposition of the collective's FLSA claims, including the same job title, same training, same policies and procedures, and the same claim for overtime pay. Moreover, the narrower collective definition and this court's oversight should ensure that no employee who fails to meet the collective definition will be included in this case.

The court concludes that a sufficient showing has been made to permit the distribution of a notice to potential collective members in this case. *See Cirillo v. Citrix Sys., Inc.*, No. 5:21-CV-88-BO, 2022 WL 841327, at \*4 (E.D.N.C. Mar. 21, 2022), *appeal dismissed*, No. 22-1310, 2022 WL 19236849 (4th Cir. Dec. 13, 2022) ("Conditional certification and notice to all individuals in the same job category is warranted when employers make across-the-board decisions to treat a category of employees in a manner violative of the FLSA."). Defendants' objection to this portion of the M&R is OVERRULED.

C. Proposed Notice

Judge Jones recommends that this court permit distribution of the proposed notice by mail, email, and text message, with a reminder notice sent thirty days after the initial mailing; an opt-in period of forty-five days; and, a production by Defendants of the potential plaintiffs' names, last known addresses, telephone numbers, birthdates, and partial social security numbers. Defendants object to distribution of a reminder notice, as well as to the type of identifying information that must be produced to Plaintiff. Plaintiff agrees with the recommendation.

On this record, the court overrules any objection to Plaintiff's requested distribution vehicles (mail, email, and text) but finds persuasive and sustains Defendants' objection to the Plaintiff's request for a reminder notice, particularly as such additional distribution may appear "harassing [and] duplicative" and may "give off the impermissible 'appearance of judicial endorsement of the merits of the action.'" Obj. at 15, DE 36. In addition, the court finds premature the Plaintiff's request for putative members' birthdates and partial social security numbers, which may only prove helpful if notices are returned. Thus, the court accepts in part and rejects in part the M&R and orders that, at this initial stage, Defendants produce to Plaintiff all putative members' names and last known residential addresses, email addresses, and telephone (cellular or landline) numbers. Distribution of the notice shall be by mail, email, and text message, and the opt-in period shall be no longer than sixty days.[4]

As to the content of the amended proposed notice [DE 34-1], Judge Jones recommends that the notice be modified by adding the following language concerning a possible cost award: "If you

---

[4] While the court agrees that a reminder notice is excessive in this case, the court is persuaded by Judge Jones that some putative members, in light of their limited financial means, may have difficulty responding quickly to the collective action notice. Thus, the court will increase the opt-in period to allay such concerns.

14

do not prevail on your claim, court costs and expenses may possibly be assessed against you." In

addition, Judge Jones suggests that this court order the parties to meet and confer regarding

inclusion of language in the notice pertaining to putative members' obligations to participate in

discovery and at trial and to preserve information. Defendants did not object to these portions of

the recommendation, and Plaintiff notes only that any such "meet and confer" should "take place

immediately." The court accepts this portion of the M&R as its own.

## V.     Conclusion

In sum, Plaintiff has made the requisite showing at this stage of the litigation that the

putative class members' claims are sufficiently similar to those alleged by Plaintiff to merit

sending notice of the action to possible members of the collective, defined as:

> All habilitation technicians ("HAB Techs") who performed work for PHP of NC,
> Inc. as an independent contractor, and who submitted invoices to PHP of NC, Inc.
> reflecting more than forty (40) hours in a workweek at any time within three (3)
> years from the date of this notice.

In addition, the court orders that Plaintiff's proposed amended notice (DE 34-1) be modified to

include the approved language concerning a possible cost award. Further, the court orders that the

parties meet and confer regarding inclusion of language in the notice pertaining to putative

members' obligations to participate in discovery and at trial and to preserve information, and

jointly present to the court a modified proposed notice, as contemplated herein. *See supra.* The

parties shall file such joint submission on or before June 10, 2024. Within fourteen (14) days after

the court's approval of the submission, Defendant shall provide to the Plaintiff the contact

information for all putative collective members, as described by the court herein. The notice period

will be sixty (60) days.

Accordingly, the court ACCEPTS in substantial part the M&R, and GRANTS IN PART

AND DENIES IN PART the Plaintiff's Motion to Conditionally Certify Collective Action and

Approve Notice [DE 27] as set forth herein.

SO ORDERED this _20th_ day of May, 2024.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

16